**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **THE STEPHEN ARNOLD GROUP, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | |
| **WARNER/CHAPPELL MUSIC, INC.,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT AND
REQUEST FOR DECLARATORY JUDGMENT**
_____

Plaintiff The Stephen Arnold Group, LLC ("SAG"), by and through its undersigned counsel, brings this original complaint and request for declaratory judgment (the "Complaint") against Defendant Warner/Chappell Music, Inc. ("Defendant" or "WCM"). This Complaint is in response to WCM's threats to sue SAG for copyright infringement if SAG does not cease and desist from purportedly infringing on WCM's purported copyright interests in certain musical recordings and/or compositions. SAG brings this suit to establish, *inter alia*, that it has not infringed any valid, enforceable copyrights of WCM and is not otherwise liable under federal copyright laws.

### A.     PARTIES

1.     Plaintiff The Stephen Arnold Group, LLC. is a Texas limited liability company with its principal place of business at 1311 Red Oak Trail, Fairview, Texas  75069.

2.     Upon information and belief, Defendant Warner/Chappell Music, Inc. is a Delaware corporation with its principal place of business at 10585 Santa Monica Boulevard, Los Angeles, California  90025.  WCM does business by, *inter alia*, writing, publishing, and

licensing music recordings and/or compositions for use in broadcast television in Texas, including through its website (www.warnerchappell.com), and by policing the use of same in Texas, including by sending demand letters to corporations and individuals residing in Texas. Defendant may be served with process by serving its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## B.   JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C.§§ 1331, 1338(a), 2201, and 2202 because an actual case or controversy exists between the parties relating to federal copyright law.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because this Court has personal jurisdiction over WCM and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## C.   FACTS

5.    SAG is in the business of, *inter alia*, writing, publishing, and licensing music recordings and/or compositions for use in broadcast television.

6.    One such work that SAG produces and licenses is a musical recording/composition called "CBS Local."

7.    SAG licenses CBS Local for use in news broadcasts of certain television stations, including CBS owned-and-operated television stations and certain CBS affiliates for various media, including radio, television, cable, and internet (streaming and downloading).

8.    Upon information and belief, WCM also is in the same business as SAG.

9.    WCM claims that it is the successor-in-interest to Frank Gari Productions, Inc. and Gari Communications, Inc. (individually and collectively, "Gari").

10.     WCM claims to have acquired rights by assignment from Gari to a musical theme that WCM refers to as the "Enforcer News Package."

11.     WCM claims that, pursuant to a series of exclusive licensing agreements with CBS and its Chicago station WBBM-TV, Gari is, and for the past twenty (20) years has always been, the exclusive producer of recordings of new arrangements based on and embodying the Enforcer News Package.

12.     WCM claims that it has been and continues to be the exclusive licensor of the "Enforcer News Package" to all other CBS owned-and-operated television stations and certain CBS affiliates for various media, including radio, television, cable, and internet (streaming and downloading).

13.     WCM has asserted in correspondence to SAG that SAG's CBS Local infringes on WCM's purported copyright interests in the Enforcer News Package and that SAG's licensing of CBS Local to CBS entities improperly interferes with WCM's exclusive licenses and/or relationships with those CBS entities.

14.     SAG's CBS Local does not infringe any copyright in the Enforcer News Package.

### D.     DECLARATORY JUDGMENT

15.     SAG alleges and incorporates by reference each of the preceding paragraphs of this Complaint.

16.     SAG has never used and is not using any unauthorized copy of the Enforcer News Package.

17.     SAG has not profited from any unauthorized use of the Enforcer News Package.

18.     SAG has not directly or indirectly infringed any valid, enforceable copyright of WCM relating to the Enforcer News Package.

19.     SAG is not directly, contributorily, or vicariously liable for infringement of any enforceable copyright of WCM relating to the Enforcer News Package.

20.     SAG has not acted willfully in violating of any provision of the federal copyright laws.

21.     SAG's licensing of CBS Local to CBS entities does not improperly interfere with WCM's exclusive licenses and/or relationships with any CBS entities with whom WCM has or purports to have an exclusive licensor relationship.

22.     Accordingly, pursuant to 28 U.S.C. § 2201, SAG seeks and is entitled to a judgment declaring that (a) SAG has not directly or indirectly infringed any valid, enforceable copyright of WCM relating to the Enforce News Package, (b) SAG is not directly, contributorily, or vicariously liable for infringement of any enforceable copyright of WCM relating to the Enforcer News Package, and (c) SAG's licensing of CBS Local to CBS entities does not improperly interfere with WCM's exclusive licenses and/or relationships with any CBS entities with whom WCM has or purports to have an exclusive licensor relationship.

### E.     JURY DEMAND

23.     SAG hereby demands a jury trial.

### F.     PRAYER

24.     For these reasons, Plaintiff The Stephen Arnold Group, LLC asks for judgment against Defendant Warner/Chappell Music, Inc. for the following:

(a)     a declaration that SAG has not directly or indirectly infringed any valid, enforceable copyright of WCM relating to the Enforce News Package;

(b)      a declaration that SAG is not directly, contributorily, or vicariously liable for infringement of any enforceable copyright of WCM relating to the Enforcer News Package;

(c)      a declaration that SAG's licensing of CBS Local to CBS entities does not improperly interfere with WCM's exclusive licenses and/or relationships with any CBS entities with whom WCM has or purports to have an exclusive licensor relationship;

(d)      reasonable attorney fees;

(e)      court costs; and

(f)      all other relief the Court deems appropriate.


Date:  June 23, 2015                           Respectfully submitted,


                                               /s/ Paul V. Storm
                                               Paul V. Storm (pvstorm@gardere.com)
                                               Texas Bar No. 219325350
                                               Terrell R. Miller (tmiller@gardere.com)
                                               Texas Bar No. 24045446
                                               Michelle Y. Ku (mku@gardere.com)
                                               Texas Bar No. 24071452
                                               GARDERE WYNNE SEWELL LLP
                                               3000 Thanksgiving Tower
                                               1601 Elm Street
                                               Dallas, Texas  75201-4761
                                               (214) 999-3000 Telephone
                                               (214) 999-4667 Facsimile

                                               COUNSEL FOR THE STEPHEN ARNOLD GROUP,
                                               LLC